IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEFFREY MILLER | ) | CIV. NO. 07-00011 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | PROGRESSIVE'S MOTION TO |
| vs. | ) | COMPEL APPRAISAL AND STAY |
| | ) | PROCEEDINGS AND DENYING |
| PROGRESSIVE NORTHWESTERN | ) | PLAINTIFF MILLER'S COUNTER |
| INSURANCE COMPANY, and | ) | MOTION FOR SANCTIONS |
| DOE ENTITIES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT PROGRESSIVE'S MOTION TO COMPEL
APPRAISAL AND STAY PROCEEDINGS AND DENYING PLAINTIFF
<u>MILLER'S COUNTER MOTION FOR SANCTIONS</u>

Before the Court is Defendant's motion to compel appraisal and stay proceedings, and Plaintiff's counter motion for sanctions. These matters were heard on March 8, 2007. After careful consideration of the motions, the opposing and supporting memoranda, and arguments of counsel, the Court hereby orders that Defendant's motion to compel appraisal be DENIED and that Plaintiff's counter motion for sanctions be DENIED.

## FACTUAL BACKGROUND

The basic facts are largely undisputed. Plaintiff Jeffrey Miller ("Miller")'s 2005 Toyota Solara motor vehicle was insured by Defendant Progressive Northwestern Insurance Company ("Progressive") under Hawaii Motor Vehicle Policy No. 66288183-5. The policy specified, among other things, that "[i]f **you** pay a premium for collision coverage, **we** will pay for a **loss** to a **covered vehicle** . . . when it collides with another object or overturns. . . ." (Mem. in Supp. of Mot., Ex. D, at 30.) The policy defined "**loss**" as "sudden, direct, and accidental loss or damage." (Mem. in Supp. of Mot., Ex. D, at 4.) Finally, the policy provided for appraisal in the event that the parties disputed the amount of loss:

> If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the **loss**. If so, each party shall appoint a competent and impartial appraiser. The appraisers will determine the amount of **loss**. If they fail to agree, the disagreement will be submitted to a qualified and impartial umpire chosen by the appraisers. . . . The amount of **loss** agreed to by any two will be binding. (Mem. in Supp. of Mot., Ex. D, at 40.)

2

On April 15, 2005, Miller's vehicle was rear-ended by another vehicle. Miller submitted a claim to Progressive for the collision damage, and Progressive arranged for the vehicle to be repaired at 777 Auto. Progressive estimated these repairs would cost $5,254.82, and would cover 46 items.

The repairs made at 777 Auto were not satisfactory and the vehicle was transferred to JNS Auto Inc. ("JNS") on July 21, 2006. Progressive estimated at that time that the vehicle needed $3,851.33 in additional repairs; three days later, Progressive increased that estimate to $4,059.87. Another estimate, this time in the amount of $7,374.42, was issued on October 30, 2006. On November 8, 2006, Progressive advised Miller that the repairs had been completed and requested that he pick up his vehicle.

Miller reclaimed possession of the car, but was not pleased with its condition. Miller, on his own, took the vehicle to another repair shop, K.W. Auto Body LLC ("K.W."). K.W. estimated that the car needed at least $13,546.28 in additional repairs. At this time, Miller demanded that Progressive declare the car a total loss and pay him for the total value of the car.

On December 12, the parties met to discuss whether any more repairs needed to be made to the vehicle. On December 13, Progressive invoked the appraisal clause of the insurance policy. Progressive named Richard Carvalho as

its appraiser.  Mr. Carvalho estimated that Miller's car needs $4,328.28 in additional repairs.

Miller refused to accept Progressive's invocation of the appraisal clause and did not appoint an appraiser.  On December 27, 2006, Miller filed suit against Progressive in Circuit Court of the First Circuit of the State of Hawaii.  Progressive timely removed this action to federal court on January 11, 2007, and filed its Answer on January 22.  On January 29, Progressive filed the present motion to compel appraisal and to stay Miller's claims.  In response, Miller filed a counter motion for sanctions against Progressive.

## RELEVANT LAW

Appraisal provisions in insurance contracts are considered arbitration agreements under Hawaii law.  See Christiansen v. First Ins. Co. of Hawaii, 88 Hawaii 442, 452 (Haw. Ct. App. 1998) (finding that Hawaii's arbitration statutes applied to an appraisal provision in an insurance policy), aff'd in part and rev'd in part on other grounds, 88 Hawaii 136 (1998).

In Hawaii, arbitration agreements are governed by H.R.S. § 658A.  Section 658A-6 provides that arbitration agreements are generally valid and enforceable:

> (a) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract.
>
> (b) The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.

H.R.S. 658A-6(a)-(b).

Court-issued stays related to pending arbitrations are governed by H.R.S. 658A-7. This section provides, in part, that:

> (f) If a party makes a motion to the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section.
>
> (g) If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to the arbitration is severable, the court may limit the stay to that claim.

H.R.S. § 658A-7(f)-(g).

## DISCUSSION

### I. APPRAISAL AND STAY

Miller does not dispute that the agreement he entered into contains a binding appraisal provision. He argues, however, that (1) Progressive waived the appraisal provision, (2) Progressive failed to satisfy a condition precedent of invoking the appraisal provision, and (3) the damage in dispute here is not covered

by the appraisal provision. The Court does not believe that Progressive has waived the appraisal provision or failed to satisfy a condition precedent, but the Court agrees that the primary dispute in this case is not covered by the appraisal provision. Therefore Defendants' motion to compel appraisal and stay proceedings is DENIED.

First, Miller contends that Progressive has waived its right to invoke the appraisal provision by not invoking the provision earlier and by refusing any further liability on Miller's claim. Miller relies on <u>Zane v. Liberty Mutual Fire Ins. Co.</u>, No. 27317, 2006 WL 3073015 (Haw. App. Oct. 31, 2006). <u>Zane</u> does not apply here, however, because Progressive was under no obligation to either invoke or not invoke the appraisal provision at the time of the accident. Progressive is not acting inconsistently with its prior conduct because it did not believe a dispute as to the amount of loss existed until long after the accident. Moreover, Miller has not produced any evidence of his detrimental reliance on Progressive's statements that the vehicle was in pre-loss condition.

Second, Miller contends that Progressive has failed to satisfy a condition precedent of the appraisal provision by not attempting to come to an agreement with Miller before filing its motion to compel. Miller relies on <u>Galindo v. ARI Mutual Ins. Co.</u>, 203 F.3d 771, 776 (11th Cir. 2000) (applying Florida law).

In <u>Galindo</u>, an insured was not allowed to invoke an appraisal provision before certain obligations were met under the policy. <u>Id.</u> Here, however, there has been substantial interaction and communication between the parties. Both parties have had experts look at the vehicle and both parties are well-informed about both the loss and the other party's position.

Finally, Miller argues that the appraisal provision does not apply here because the collision-related loss is not at issue. Specifically, Miller argues that there is no controversy over the damage caused by the April 15 collision. What is at issue, he argues, are "the damages caused to Mr. Miller by Progressive's negligence and breach of contract in handling his claim in the eight months following the parties' agreement on the amount of loss." (Mem. Opp. Mot. 18.)

This comes much closer to the heart of the issue. Miller is correct that the "loss" referred to in the appraisal provision is only damage caused by the collision, not the difference between the current condition of the vehicle and the pre-loss condition of the vehicle. Progressive's definition of "loss" is quite specific: "sudden, direct, and accidental loss or damage," (Mem. in Supp. of Mot., Ex. D, at 4) when the vehicle "collides with another object or overturns," (Mem. in Supp. of Mot., Ex. D, at 30). The damages to the vehicle after the initial April

7

15 collision are not covered under this definition of loss, and thus not subject to the appraisal provision.

The Court recognizes that even under this narrow definition of "loss," a dispute may still remain about the damages caused as a direct result of the initial collision.[1] Any such remaining dispute, however, is insignificant in relation to the greater dispute over the extent of damage the car incurred as a result of unsuccessful repair attempts, a dispute that is not subject to the appraisal provision. Moreover, the Court believes that it would be impossible for an appraiser to distinguish at this point between damages that resulted directly from the collision and damages that resulted from post-collision repair work. Miller will not be compelled to seek an appraisal under the appraisal provision, and the case will not be stayed.

## II. SANCTIONS

Miller has also brought a counter motion for sanctions against Progressive. Miller argues that sanctions are warranted because Progressive "has attempted to manufacture evidence that it met this condition through submitting a

---

[1] Miller's complaint alleges not only that "there was new damage cause during repair efforts," but also that "the Collision damage was not properly repaired." (Complaint, ¶ 22.) Similarly, Miller refers to "the unrepaired collision damage and post-collision damage" in his opposing memorandum, (Mem. Opp. Mot. 13) and plainly states that "the damage from the accident has not been repaired" in his November 20 letter to Progressive claims representative Li Auna, (Mem. Opp. Mot., Ex. 17).

declaration of its adjuster that is not supported by a single fact, and that is disproved by every piece of evidence in this case." (Mem. Opp. Mot. 25.) In particular, Miller disputes Ms. Auna's statements that Progressive attempted to resolve the dispute in November and December and that no agreement was reached at the meeting on December 12, 2006.

The Court will not impose sanctions because (1) Miller has not demonstrated the falsity of Ms. Auna's statements, and (2) because a motion for sanctions is an inappropriate vehicle by which to challenge the veracity of evidence submitted by an opposing party. Plaintiff's counter motion for sanctions is DENIED.

## CONCLUSION

For the foregoing reasons, the Court hereby orders that Defendant's motion to compel appraisal and stay proceedings be DENIED and that Plaintiff's counter motion for sanctions be DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 3, 2007

Miller v. Progressive Northwestern Ins. Co.; ORDER DENYING DEFENDANT PROGRESSIVE'S MOTION TO COMPEL APPRAISAL AND STAY PROCEEDINGS AND DENYING PLAINTIFF MILLER'S COUNTER MOTION FOR SANCTIONS; CIV. NO. 07-00011 JMS-BMK.